**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JACK GERRITSEN, | ) | NO. CV 09-2338-ODW(E) |
| Petitioner, | ) | |
| v. | ) | ORDER DENYING AND DISMISSING |
| A. WASHINGTON ARDUCI, | ) | PETITION WITHOUT PREJUDICE |
| Respondent. | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in Federal Custody" on April 3, 2009. The Petition seeks to challenge prison mail procedures and the placement of Petitioner into a high-security housing unit. It plainly appears from the face of the Petition that Petitioner is not entitled to habeas relief. Therefore, the Petition is denied and dismissed without prejudice.

"According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979). The present Petition complains of the conditions of Petitioner's

incarceration. The present Petition does not challenge the legality of Petitioner's conviction nor the duration of his prison confinement. Habeas corpus is an inappropriate procedure in this circumstance. Id. at 891-92 (habeas petition properly dismissed where prisoner alleged constitutional violations, but did not seek relief from confinement or reduction of sentence); United States ex rel. Broadnax v. De Robertis, 565 F. Supp. 327, 338 (N.D. Ill. 1983) (habeas petition challenging prison conditions properly dismissed).

This Court should not attempt to convert the Petition into an ordinary civil action, such as a Bivens action. There exist profound procedural and substantive differences between habeas corpus actions and Bivens actions as those differences pertain to the circumstances herein. For example, a defendant is not responsible in a Bivens action unless the facts establish the defendant's personal involvement in the alleged constitutional deprivation; vicarious liability is unavailable. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Consequently, it is unclear whether Warden Arduci, the only Respondent herein, would be an appropriate defendant in a Bivens action, or that other persons (such as Joseph K. Woodring and E.J. Cottrell) would not be more appropriate defendants in a Bivens action. Additionally, prisoners filing Bivens actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1); see Naddi v. Hill, 106 F.3d 275 (9th Cir. 1997) (in forma pauperis provisions of section 1915, as amended by the Prison Litigation Reform Act of 1995, do not apply to habeas actions).

///

It is absolutely clear that an amended habeas petition could not cure the fundamental deficiencies of the present Petition. Consequently, dismissal without prejudice is appropriate. See Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988) (pro se action may be dismissed without leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations and quotations omitted); accord Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _April 9_, 2009.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 6th day of April, 2009, by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3